UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

=========================================

UNITED STATES OF AMERICA,

                                                    DECISION AND ORDER
              v.                                        02-CR-218A

SHERWIN LONDON,

                              Defendant.

=========================================


          On September 27, 2004, this Court sentenced the defendant to 121

months of imprisonment and 5 years of supervised release following his conviction

after trial for attempting to possess with the intent to distribute heroin, in violation

of 21 U.S.C. § § 841, 846.

          The defendant appealed his conviction and sentence.  On September

6, 2005, the United States Court of Appeals for the Second Circuit issued a

summary order affirming the defendant's conviction, but remanding the matter for

reconsideration of his sentence in light of United States v. Booker, 543 U.S. 220

(2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

          On November 29, 2006, the defendant filed a motion for resentencing

pursuant to Booker and Crosby.  The government filed its reply on December 15,

2006 and on January 30, 2007, the defendant filed a supplemental letter in

1

support of his motion for resentencing.  The matter was deemed submitted without

oral argument.

      The issue before the Court is "whether a materially different sentence

would have been imposed" had the <u>Booker</u> standards been in effect at the time

that the defendant was originally sentenced.  <u>See</u> <u>United States v. Williams</u>, 399

F.3d 450, 460 (2d Cir. 2005).  If the answer to this question is yes, then a

resentencing of the defendant is appropriate.  However, if the answer is no, then

resentencing is not required.  <u>Crosby</u>, 397 F.3d at 120; <u>see also</u> <u>United States v.</u>

<u>Ferrell</u>, ___ F.3d ___, 2007 WL 1374756 (2d Cir. May 11, 2007) ("If the district

court finds it would not have imposed a materially different sentence, that is the

end of the matter.").

      After considering the currently applicable statutory requirements as

explicated in <u>Booker</u> and <u>Crosby</u>, along with the written submissions of the parties,

the Court denies the defendant's motion for resentencing.  Applying the factors set

forth in 18 U.S.C. § 3553(a) to the facts and circumstances existing at the time of

the original sentence, the Court finds that it would not have imposed a materially

different sentence if the <u>Booker</u> regime had been effect at the time of

the defendant's original sentencing.  Accordingly, the defendant's motion for

resentencing is denied.

2

SO ORDERED.

s/ *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 5 , 2007

3